UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCO RAFALA,<br>Plaintiff,<br><br>vs.<br><br>NELSON, WATSON & ASSOCIATES, LLC,<br>Defendant. | Civil Action No.<br>1:10-cv-00173-JBW-MDG<br><br>**FIRST AMENDED COMPLAINT**<br>**WITH JURY TRIAL DEMAND** |

NOW COMES PLAINTIFF MARCO RAFALA ("Plaintiff") complaining against DEFENDANT NELSON, WATSON & ASSOCIATES, LLC ("Defendant") and averring as follows:

### I. INTRODUCTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### II. JURISDICTION AND VENUE

2. This court has jurisdiction under U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

### III. PARTIES

4. Plaintiff, Marco Rafala ("Plaintiff"), is a natural person who at all relevant times resided in Kings County, New York.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

6. Defendant, Nelson, Watson & Associates, LLC, ("Defendant") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692(a)(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9, Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692(a)(5).

11. Within the last year, upon information and belief, Defendant willfully and knowingly repeatedly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due.

12. These repeated telephone calls to Plaintiff were in connection with the collection of a debt allegedly belonging to someone else, Thea Jones.

13. During a conversation with Defendant, which occurred within the last year, Plaintiff explained to Defendant that this phone number does not belong to said person.

14. During this call, Plaintiff requested Defendant to cease all calls to this number.

15. Defendant did not take Plaintiffs number out of its call rotation.

16. Defendant stated that it would continue to call this phone number until Plaintiff changed it.

17. Each call to Plaintiff was made with intent to harass, annoy, and abuse Plaintiff.

18. On June 2, 2009, upon information and belief, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than one (1) telephone call to Plaintiff's cellular telephone number in an effort to collect a debt from Plaintiff that did not belong to Plaintiff.

19. On June 3, 2009, upon information and belief, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than one (1) telephone call to Plaintiff's cellular telephone number in an effort to collect a debt from Plaintiff that did not belong to Plaintiff.

20. On June 18, 2009, upon information and belief, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than one (1) telephone call to Plaintiff's cellular telephone number in an effort to collect a debt from Plaintiff that did not belong to Plaintiff.

21. On June 29, 2009, upon information and belief, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than two (2) telephone calls to Plaintiff's cellular telephone number in an effort to collect a debt from Plaintiff that did not belong to Plaintiff.

22. On July 3, 2009, upon information and belief, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than two (2) telephone calls to Plaintiff's cellular telephone number in an effort to collect a debt from Plaintiff that did not belong to Plaintiff.

23. On July 9, 2009, upon information and belief, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than one (1) telephone call to Plaintiff's cellular telephone number in an effort to collect a debt from Plaintiff that did not belong to Plaintiff.

24. On July 15, 2009, upon information and belief, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than two (2) telephone calls to Plaintiff's cellular telephone number in an effort to collect a debt from Plaintiff that did not belong to Plaintiff.

18. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## V.   COUNT I
## VIOLATION OF 15 U.S.C. § 1692(d)(5)

19. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs.

20. In connection with the collection of the alleged debt, Defendant caused Plaintiff's telephone to ring and/or engaged Plaintiff in telephone conversation repeatedly and/or continuously, with intent to annoy abuse and/or harass Plaintiff.

21. Defendant repeatedly made these telephone calls to Plaintiff, refusing to stop this behavior despite requests by Plaintiff that Defendant cease all calls to this number.

22. Defendant did not take Plaintiffs number out of its call rotation, however, and called Plaintiff many times.

23. Defendant's conduct, as stated, constitutes a violation of 15 U.S.C. § 1692d(5) which prohibits creditors from contacting debtors via telephone "with intent to annoy, abuse, or harass any person at that called number." 15 U.S.C. § 1692 (d)(5).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Judgment be awarded in favor of Plaintiff and against Defendant finding that Defendant violated 15 U.S.C. § 1692d(5);

b)  Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00 (one thousand dollars and no cents);

c)   Awarding Plaintiff actual damages, in an amount to be proved by competent evidence at trial, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in furtherance of this action;

e)  Awarding Plaintiff any pre- and/or post-judgment interest as permissible by law; and

f) Awarding Plaintiff and all such further relief as deemed just and proper by the Court in light of the circumstances and evidence presented at trial.

## VI.   COUNT II
## VIOLATION OF 15 U.S.C. § 1692(e)(2)(A)

24.   Plaintiff reincorporates by reference all of the preceding paragraphs.

25.   In connection with the alleged debt, Defendant repeatedly caused Plaintiff's phone to ring and/or engaged Plaintiff in telephone conversation in an attempt to collect a debt from Plaintiff that did not belong to Plaintiff, falsely representing, by *inter alia* virtue of Defendant's numerous calls, that Plaintiff owed the debt.

26.   Defendant's conduct, as stated, constitutes a violation of 15 U.S.C. § 1692(e)(2)(A), which prohibits the creditor from misrepresenting the "character, amount, or legal status of any debt." 15 U.S.C. § 1692(e)(2)(A),

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Judgment be awarded in favor of Plaintiff and against Defendant finding that

Defendant violated 15 U.S.C. § 1692(e)(2)(A);

b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00 (one thousand dollars and no cents);

c) Awarding Plaintiff actual damages, in an amount to be proved by competent evidence at trial, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in furtherance of this action;

e) Awarding Plaintiff any pre- and/or post-judgment interest as permissible by law; and

f) Awarding Plaintiff and all such further relief as deemed just and proper by the Court in light of the circumstances and evidence presented at trial.

## VII. COUNT THREE
## VIOLATIONS OF 47 U.S.C. § 227(b)(1)(A)(iii)

27. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs.

28. Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

29. Defendant did not have Plaintiff's express permission to do so.

30. Defendant did not have an established business relationship with Plaintiff. *See Watson v. NCO Group, Inc.*, 462 F.Supp 2d 641 (holding that erroneous debt collection calls do not fall under the "established business relationship" exemption from the requirement of express consent).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:
   a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);
   b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;
   c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in

the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

This 2nd day of June, 2010.

ATTORNEYS FOR PLAINTIFF
*Marco Rafala*

Respectfully submitted,

s/ Dennis R. Kurz_____
Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

***Please send correspondence to the address below***
Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012

### CERTIFICATE OF SERVICE

I certify that on June 2, 2010, I filed the foregoing document with the clerk of the U.S. District Court, Eastern District of New York, using the electronic case filing system of the court.

s/ Dennis R. Kurz
Dennis R. Kurz