# Weisberg & Meyers, LLC
## ATTORNEYS FOR CONSUMERS
(PLEASE DIRECT MAIL TO OUR CORPORATE OFFICE IN PHOENIX)
5025 North Central Ave, #602
Phoenix, Arizona 85012
www.AttorneysForConsumers.com
Toll Free Nationwide 1-888-595-9111

**Texas Office**
108 E. 46th Street
Austin, TX 78751

extension: 412
E-mail: DKurz@AttorneysForConsumers.com

**New York Office**
80 Broad Street, 5th Floor
New York, NY 10004

Writer licensed in:
New York; Texas
Georgia and New Jersey

September 2, 2011

**Via ECF and Regular Mail**
Hon. Raymond J. Dearie, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:  **Rafala v. Nelson, Watson & Associates, LLC**
     **U.S. District Court, E.D.N.Y. Case No. 1:10-cv-00173-JBW-MDG**

Dear Judge Dearie:

Please accept this letter brief in lieu of a more formal brief in support of Plaintiff's <u>sixth</u> request for leave to file supplemental authority. By way of background, on June 3, 2010, Plaintiff filed his amended complaint against Defendant, alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA") and the federal Telephone Consumer Protection Act ("TCPA") (Document 18). On December 8, 2010, Plaintiff filed his motion for partial summary judgment – directed to his claims under the TCPA. (Document 39). On January 13, 2011, Defendant filed its opposition to Plaintiff's motion for partial summary judgment. (Document 47). On January 21, 2011 Plaintiff filed his reply in support of his motion for partial summary judgment. (Document 48).

On February 24, 2011, Plaintiff filed his motion for leave to file supplemental authority in support of his motion for summary judgment. (Document 51). Plaintiff requested that this Court consider *Gutierrez v. Barclays Group*, 2011 WL 579238 (S.D. Cal. 2011) – a decision released on February 23, 2011. On March 21, 2011, Plaintiff filed his second motion for leave to file supplemental authority in support of his motion for summary judgment. (Document 53). Plaintiff requested that this Court consider *Stuart v. AR Resources, Inc.*, 2011 WL 904167 (E.D. Pa. 2011) – a decision released on March 19, 2011. On April 1, 2011, Plaintiff filed his third motion for leave to file supplemental authority in support of his motion for summary judgment. (Document 55). Plaintiff requested that this Court consider *Bentley v. Bank of America, N.A.*, --- F. Supp. 2d ---, 2011 WL 1097452 (S.D. Fla. 2011) – a decision released on March 29, 2011. On June 17, 2011, Plaintiff filed his fourth motion for leave to file supplemental authority in support of his motion for summary judgment. (Document 55). Plaintiff requested that this Court consider *G. ex rel. Tang v. William W. Siegel & Associates, Attorneys at Law, LLC*, ---

- F.Supp.2d ---, 2011 WL 2356390 (N.D. Ill. 2011) – a decision released on June 17, 2011.  On August 22, 2011, Plaintiff filed his fifth motion for leave to file supplemental authority in support of his motion for summary judgment.  (Document 55).  Plaintiff requested that this Court consider *Griffith v. Consumer Portfolio Serv., Inc.,* 10 C 2697, 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011) – a decision released on August 16, 2011.

On August 21, 2011, the United States District Court for the Northern District of Illinois, issued an opinion in the matter of *Soppet v. Enhanced Recovery Co.,* 10 C 5469, 2011 WL 3704681 (N.D. Ill. Aug. 21, 2011).  The allegations and law analyzed by the Northern District of Illinois, in *Soppet v. Enhanced Recovery Co.,* are substantially similar if not materially identical to the circumstances underlying aspects of certain issues now before this Court in this matter.  In particular, through its opposition to Plaintiff's motion for partial summary judgment, Defendant contended that "Plaintiff was not the called party."  (Document 47 at 26-28 of 45).  The Northern District of Illinois, in *Soppet v. Enhanced Recovery Co.,* explicitly rejected an identical argument:

> ERC's first argument is that Soppet and Tang were not the "called parties" or the intended recipients of the call and that for this reason they lack standing to sue under section 227(b)(1). The Court disagrees and, in this regard, adopts the discussion of this point by its colleagues Judge Charles Kocoras and Chief Judge James Holderman. *See Tang v. Medical Recovery Specialists, LLC,* No. 11 C 2109, slip op. at 3 (N.D.Ill. July 7, 2011); *D.G. ex rel. Tang v. William W. Siegel & Assocs.,* No. 11 C 599, 2011 WL 2356390, at *2 (N.D.Ill. June 14, 2011). To put it in a nutshell, the statutory term "called party" is in the statute as part of a consent defense, not as a limitation on who may sue for a violation of the statute. The plain language of section 227(b)(1) makes it clear that the "recipient" of a call violative of that provision may sue—not merely, as ERC argues, the "intended recipient." Soppet and Tang were the recipients of the calls at issue in this case.

*Soppet v. Enhanced Recovery Co.,* 10 C 5469, 2011 WL 370468, *1 (N.D. Ill. Aug. 21, 2011).

A copy of the decision in the matter of *Soppet v. Enhanced Recovery Co.,* 10 C 5469, 2011 WL 370468 (N.D. Ill. Aug. 21, 2011) is attached hereto.

Plaintiff respectfully requests that this Court enter an order granting his <u>sixth</u> request for leave to file supplemental authority.

Respectfully submitted,

s/Dennis R. Kurz

Dennis R. Kurz
Attorney at Law

cc:      Hillary Korman, Esq., counsel for Defendant, Nelson, Watson & Associates