UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MARCO RAFALA,

                Plaintiff,

- against -

NELSON, WATSON & ASSOC., LLC,

                Defendant.
------------------------------------------------------------ x

**MEMORANDUM & ORDER**

10 CV 173 (RJD) (MDG)

DEARIE, District Judge.

      Plaintiff Marco Rafala had the misfortune of receiving eleven dunning calls intended for someone else. Plaintiff asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and now seeks partial summary judgment with respect to those claims.

      Congress passed the Telephone Consumer Protection Act to address another telephonic intrusion—unsolicited telemarketing calls. See § 227(b). The TCPA gives the Federal Communications Commission implementing authority, including the ability to exempt from statutory coverage calls "not made for a commercial purpose." Id. § 227(b)(2)(B). Reasoning that "calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing," the FCC has exempted them from the TCPA's restrictions. Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C.R. 559, 565 (Jan. 4, 2008). See also id. at 559 n.2 (noting that "[d]ebt collection calls are regulated primarily by the Federal Trade Commission . . . [under] the Fair Debt Collection Practices Act"). That plaintiff was not the debtor whom defendant intended to call does not change the analysis. See Franasiak v. Palisades Collection, LLC, 822 F. Supp. 2d 320, 325 (W.D.N.Y. 2011) (Skretny, J.) (deferring to FCC and holding wrong-number debt-collection calls not covered by TCPA); see also id. at

324 (citing Santino v. NCO Fin. Sys., Inc., 2011 WL 754874, at *5-*6 (W.D.N.Y. Feb. 24, 2011) (Curtin, J.) (same)). This Court must defer to the FCC's reasonable interpretation that defendant's debt-collection calls to Rafala, as annoying as they were, do not give plaintiff a cause of action under the TCPA. See Chevron, U.S.A., Inc. v. Nat'l Res. Def. Council, Inc., 467 U.S. 837, 865-66 (1984).

Plaintiff's motion for partial summary judgment is denied.

SO ORDERED.

Dated: Brooklyn, New York
January 25, 2013

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge